IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SCOTT NIPPER                                                                                      PLAINTIFF

vs.                                         Civil No. 1:23-cv-01008

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

## MEMORANDUM OPINION

Scott Nipper ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability application on January 7, 2021.  (Tr. 10).  In this application, Plaintiff alleges being disabled due to crippling migraines, stress, anxiety, trouble sleeping due to migraines, side effects from migraine medications, high blood pressure, high cholesterol, and acid reflux.  (Tr. 202).  Plaintiff alleges an onset date of September 1, 2019.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10.  These references are to the page number of the transcript itself not the ECF page number.

1

10).  This application was denied initially and again upon reconsideration.  (Tr. 91-104).

After these denials, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 30-54).  Plaintiff's administrative hearing was held in El Dorado, Arkansas on December 16, 2021.  (Tr. 30-54).  Plaintiff was present and was represented by counsel, Randolph Baltz, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Donna Johnson testified at this hearing.  *Id.*  At his administrative hearing, Plaintiff testified he had completed high school.  (Tr. 35).

On January 25, 2022, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 7-29).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2019, his alleged onset date.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: right shoulder degenerative joint disease; cervical degenerative disc disease; and migraine headaches.  (Tr. 12-15, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 16-23, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: the claimant cannot reach overhead, bilaterally.

*Id.*  The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was capable of performing his PRW as a production supervisor, continuing improvement leader, and engineering manager.  (Tr. 23-24).  Because Plaintiff retained the capacity to perform his PRW,

the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from September 1, 2019 through the date of this decision or through January 28, 2022. (Tr. 25, Finding 6).

Plaintiff requested the Appeal's Council's review, and the Appeal's Council denied that request for review. (Tr. 1-3). On January 26, 2023, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. This case is now ready for decision.

**2.** **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ erred in the findings regarding his migraine headaches; and (2) the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 12 at 1-20. The Court will consider both of these arguments for reversal.

### A. Migraine Headaches

Plaintiff claims he is unable to work due to his migraine headaches. ECF No. 12 at 2-19. Specifically, Plaintiff claims the ALJ assessed his migraine headaches as severe, but the ALJ did not find he was disabled due to that impairment. *Id.* Plaintiff claims the ALJ should have found his limitations were far more extensive due to his migraine headaches. *Id.* In response to Plaintiff's claims, Defendant argues the ALJ properly found Plaintiff's migraine headaches were not disabling, noting Plaintiff's migraines "were responsive to treatment." ECF No. 14 at 5.

Upon review of Plaintiff's claims, the Court finds no basis for reversal on this issue. In his decision, the ALJ fully assessed Plaintiff's migraine headaches:

> The evidence is moreover not consistent with the claimant's migraine-headache allegations. The record first indicates that the claimant's headaches are responsive to treatment. Treatment notes from January 2021 indicate that the claimant had started Aimovig injections (2F/24). These notes indicate that in August 2020, the claimant "noted marked migraine reduction" with Aimovig, observing that he had only used supporting Imitrex "a few times," and was "overall doing great," electing to continue this regime as it was (2F/24). The claimant reported difficulty obtaining his Aimovig in January 2021, with a return of his headaches (2F/24). These notes still, though, indicate that the claimant's headaches are response to treatment. Other evidence indicates that the claimant's migraine headaches are responsive to treatment. Treating sources have specifically diagnosed the claimant's headaches as "not intractable" (2F/7, 11, 16, 21, 26). Treating sources in January 2021, e.g., diagnosed the claimant's migraine headaches as not intractable, and without status migrainosus (2F/26). These sources recommended that the claimant continue Aimovig (2F/26).

(Tr. 20-21).

Upon review of these findings and the transcript in this case, the Court finds substantial evidence supports the ALJ's disability determination, and there is no basis for reversal on this issue.[2]

---

[2] Likewise, the ALJ did not commit reversible error by not specifically referencing Listing 11.02(B) for his migraines in the assessment. The Court finds Plaintiff did not meet his burden of demonstrating he meets the requirements for that Listing.

### B. RFC Determination

Plaintiff claims the ALJ's RFC assessment is not supported by substantial evidence because that assessment did not consider his more recent shoulder surgery. ECF No. 12 at 19-20. As Plaintiff argued, the agency physician, Dr. Davidson, did not have the benefit of knowing about his right shoulder surgery: "Dr. Davidson's opinion as established in June 2021, and Nipper did not undergo shoulder surgery until November 2021." *Id.*

Upon review of this claim, however, the fact the agency physician did not have access to this information does not provide a basis for reversal. Indeed, as the ALJ even pointed out, one month after the surgery, Plaintiff testified that his recovery post-surgery was progressing normally and without complication. (Tr. 20, 38-39). In addition, for the relevant time period in this case—September 1, 2019 through January 29, 2022—the ALJ discussed ample evidence from the entire relevant period that was consistent with his RFC determination. Plaintiff has not explained how a surgery that took place two months before the end of the relevant time period proves additional limitations.

### 4. Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of September 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE